UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                  )
                                        )
    JENNIFER LEIGH ROBINSON        )    Case No. 10-12932-SSM
                                        )    Chapter 7
              Debtor            )

**MEMORANDUM OPINION**

Before the court is the debtor's motion to hold OneWest Bank, FSB, and its attorneys, the Law Offices of Marshall C. Watson, P.A., Kerry Green, Esquire, and Princy Valiathodathil, Esquire, in contempt and impose sanctions for violation of the automatic stay and discharge injunction.  The bank, prior to bringing a foreclosure action in state court, had obtained relief from the automatic stay for that purpose, and the issue is whether the pleadings served on the debtor would reasonably be understood as seeking, not merely sale of the property to satisfy the secured indebtedness, but also entry of a money judgment against the debtor.

Background

Jennifer Leigh Robinson ("the debtor") filed a voluntary petition in this court on April 14, 2010, for relief under chapter 7 of the Bankruptcy Code.  On her schedules, she listed an ownership interest, as joint tenant with her mother, Phyllis Horne, in a condominium unit located at 6508 Chasewood North Drive, Jupiter, Florida (Palm Beach County).  She valued her interest in the property at $69,350,[1] subject to a mortgage in favor of OneWest Bank, FSB ("OneWest"),

---

[1] According to the schedules, the property was worth $73,000, and the debtor had a 95% interest.

1

on which $144,804 was owed. On her statement of intention, she stated that she intended to surrender the property. OneWest filed a motion for relief from the automatic stay to enforce the mortgage. The chapter 7 trustee initially opposed the motion but subsequently filed a report of no distribution. An order was then entered on May 28, 2010, which provided in relevant part:

> [T]he automatic stay imposed by 11 U.S.C. §362 is modified to permit the movant and its successors and assigns to enforce the lien of its deed of trust [*sic*] as it pertains to the real property located at 6508 CHASEWOOD DRIVE, Jupiter, FL 33458, and is more particularly described as follows:
>
> CONDOMINIUM UNIT 5-C, CHASEWOOD OF JUPITER NORTH CONDOMINIUM, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORD BOOK 4359, PAGE 190, AS THEREAFTER AMENDED, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA
>
> which relief shall extend to the purchaser at the foreclosure sale to allow the purchaser to take such action under state law, as may be necessary, to obtain possession of the property.

The debtor received a discharge on September 13, 2010, and the case was closed on September 17, 2010.

In the interim OneWest, represented by the Law Offices of Marshall C. Watson, P.A., filed a complaint, signed by attorney Kerry Green,[2] on August 9, 2010, in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, against the debtor, her mother, the condominium association, the Florida state department of revenue, the clerk of court, any unknown spouses of the debtor or her mother, and any unknown tenants in possession of the

---

[2] The stamped name (but not the signature) of Princy Valiathodathil also appears on the complaint, as well as on a notice of lis pendens filed at the same time.

property.[3] The object of the suit, as stated in the first paragraph of the complaint, was "to foreclose a mortgage on real property[.]" In addition to fixing the amount ("including without limitation principal, interest, advances, attorney fees, and costs") due on the secured note and—"upon *failure of the defendants to pay* the amount of money found to be due by them to the Plaintiff"—decreeing a sale of the property to satisfy the lien, the complaint requested, in its final paragraph:

> (g) That this Court grants general relief in this cause as in its discretion might be just and proper *including, but not limited to, a deficiency judgment,* except where a discharge is applicable, if the proceeds of the sale are insufficient to pay Plaintiff's claim.

(emphasis added). Notably absent from the complaint is any reference to the debtor then being in bankruptcy or any specific language that no monetary judgment was being sought against her. The summons served with the complaint notified the defendant that she had twenty calendar days in which to file a response and that "[i]f you do not file your response on time, you may lose the case, *and your wages, money, and property may thereafter be taken* without further warning from the Court" (emphasis added).

On September 27, 2010, the debtor filed a motion to reopen her case and a motion to hold the respondents in contempt for violation of the automatic stay and the discharge injunction. The court granted the motion to reopen in order to consider whether, under the undisputed facts, OneWest and its attorneys violated the automatic stay or discharge injunction, and, if so, to schedule a further hearing to determine whether sanctions were warranted.

---

[3] In the complaint, OneWest alleged that Federal National Mortgage Association ("Fannie Mae") was the owner of the note and that OneWest was the servicing agent.

Discussion

I.

The filing of a bankruptcy petition creates an automatic stay of a broad range of creditor enforcement efforts. § 362(a), Bankruptcy Code. Among the prohibited actions are the commencement of a judicial action or proceeding against the debtor with respect to a prepetition claim, any act to enforce against property of the debtor any lien securing a prepetition claim, and any "act" to collect a prepetition debt as a personal liability of the debtor. § 362(a)(1), (5), (6), Bankruptcy Code. The range of prohibited conduct is expansive, ranging from informal conduct like sending letters or making phone calls to formal conduct such as initiating judicial proceedings. *In re Draper*, 237 B.R. 502, 505 (Bankr. M.D. Fla. 1999). Indeed, merely sending bills for prepetition debts, even without threats to sue, has been held to be a violation of the automatic stay. *In re Wills*, 226 B.R. 369, 378 (Bankr. E.D. Va. 1998).

The automatic stay is in the nature of a temporary injunction and, unless earlier modified by the court for cause, terminates, as to actions against the debtor and the debtor's property, when the debtor is granted or denied a discharge. § 362(c)(2)(C), Bankruptcy Code. A discharge, however, itself operates as an injunction, although its scope is not as broad as the automatic stay. § 524(a)(2), Bankruptcy Code. While the discharge injunction, like the automatic stay, prohibits "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset [a discharged] debt *as a personal liability* of the debtor," *id.* (emphasis added), it does not bar enforcement of a prepetition lien against property of the debtor. *See Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991) (explaining that a discharge extinguishes only the personal liability of the

debtor and that a creditor's right to foreclose on a mortgage survives or passes through the bankruptcy). But a creditor bringing suit against a debtor following discharge to recover its collateral or enforce a security interest violates the discharge injunction if the pleadings assert an alternate or supplemental right to a money judgment. *In re Myers*, 18 B.R. 362 (Bankr. E.D. Va. 1982) (holding creditor in contempt for bringing detinue suit against debtors following discharge requesting, as alternative to possession of furniture subject to the creditor's lien, a money judgment for the amount due on the contract); *Braun v. Champion Credit Union (In re Braun)*, 141 B.R. 133 (Bankr. N.D. Ohio 1992) (holding creditor and its attorneys in contempt for violation of discharge injunction by bringing suit for money damages, in amount of discharged debt, for conversion of the creditor's collateral).

A violation of the automatic stay may be redressed by the bankruptcy court under its civil contempt power. § 105(a), Bankruptcy Code; *Burd v. Walters*, 868 F.2d 665 (4th Cir. 1989) (holding that bankruptcy court has civil contempt powers to carry out the provisions of the Bankruptcy Code). In addition, Congress has provided a private right of action allowing an individual injured by a violation of the automatic stay to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances . . . punitive damages." § 362(k)(1), Bankruptcy Code; *Budget Service Co. v. Better Homes of Va.*, 804 F.2d 289 (4th Cir. 1986). With respect to the discharge injunction, there is no private right of action; however, a violation may be addressed as a contempt of court, and sanctions may be awarded against the offending creditor that compensate the debtor for the violation. *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 186-87 (Bankr. E.D. Va. 2000).

II.

In the present case, the act complained of—the filing and service of the foreclosure complaint—occurred prior to the debtor's discharge and therefore could not constitute a violation of the discharge injunction (unless, subsequent to the discharge, a deficiency judgment were entered against the debtor).  And—since the creditor asked for and received relief from the automatic stay to enforce the mortgage against the property—the mere bringing of a suit naming the debtor as a nominal defendant would not violate the (now modified) stay in those jurisdictions in which foreclosure of a mortgage requires a judicial decree, so long as the relief demanded in the suit was limited to sale of the property to satisfy the debt and did not extend to a potential money judgment against the debtor.  *In re Everchanged, Inc.*, 230 B.R. 891, 895 (Bankr. S.D. Ga. 1999) (holding that "while an attempt to collect a deficiency violates the stay, the act of foreclosing against property outside of the bankruptcy estate does not"); *In re Perez*, 2009 WL 535977, *3, 2009 Bankr. LEXIS 521, 10 (Bankr. S.D. Fla. 2009) ("Any suit against the Debtor personally, whether it be for non-liquidated attorneys' fees, costs or a security interest deficiency, . . . will be construed as a constructive violation of automatic stay.  Any such state court award would constitute a contingent liability against the Debtor and thus must be construed as action in furtherance of an attempt to pursue debt collection against the Debtor in direct violation of the Bankruptcy Code.").  The question is therefore squarely presented whether the complaint filed by the OneWest's attorneys transgressed those limits.

A.

Under Florida law, a foreclosure suit requires that all necessary and indispensable parties, including the record owner of the real property, be joined.  *T-R Indian River Orange Co. v.*

*Keene*, 124 Fla. 343, 344-45, 168 So. 408, 409 ("It is well settled that the owner of the legal title of land covered by a mortgage is a necessary party to a suit to foreclose the mortgage, and, if such holder of such legal title is not made a party to the suit, his title will not be affected by a decree and sale."). Thus, relief from the automatic stay to permit enforcement of the mortgage against the property would necessarily encompass naming the debtor as a party to the action and serving process on her. OneWest and its attorneys argue that they did nothing more. They assert that not only did they have no intention of actually obtaining a money judgment against the debtor, but that the debtor could not reasonably have construed the complaint otherwise, since the prayer for a deficiency judgment was expressly conditioned on a discharge not being "applicable."

B.

In determining whether the foreclosure complaint could reasonably have been construed by the debtor as seeking a money judgment against her, the court believes it appropriate to apply, by analogy, the same standard that applies to communications from debt collectors in actions brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* That standard, commonly referred to as the "least sophisticated consumer" standard, reflects the policy that the FDCPA "protects all consumers, the gullible as well as the shrewd." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (internal citations omitted). The least sophisticated consumer has been described as "the single most unsophisticated consumer who exists." *Gammon v. GC Servs., Ltd.,* 27 F.3d 1254, 1257 (7th Cir. 1994); see also *Morgan v. Credit Adjustment Bd., Inc.*, 999 F.Supp. 803, 805 (E.D. Va. 1998) (describing the least sophisticated consumer as "close to the bottom of the sophistication

meter" (internal citations omitted)). To be sure, the benefit of the standard does not extend to the willfully ignorant: even an unsophisticated consumer is expected to "possess a quotient of reasonableness and is viewed as possessing the capacity to read or listen to the communication with care." *In re Accelerated Recovery Sys., Inc.*, 431 B.R. 138, 143 (W.D. Va. 2010) (internal citations omitted); *see also Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008) ("Even the least sophisticated debtor is bound to read collection notices in their entirety.").

Importantly, a communication violates the least sophisticated consumer standard based simply on "the capacity of the statement to mislead; evidence of actual deception is unnecessary." *Nat'l Fin. Servs., Inc.*, 98 F.3d at 139. To avoid liability, the communication must be clear and unambiguous. *Accelerated Recovery Sys., Inc.*, 431 B.R. at 138 ("That the statement could be 'construed' to have one or another meaning indicates that it could be confusing to the least sophisticated consumer."). Further, the statement at issue must be taken in the context of the entire communication. *See Vitullo v. Mancini*, 684 F.Supp.2d 747, 756 (E.D. Va. 2010) ("[T]he communications must be examined as whole, not sentence-by-sentence . . . ."). Finally, the "least sophisticated consumer" standard looks not at what the creditor intends from the communication but at what the natural consequences are to the recipient. *Meadows v. Mann Bracken LLP (In re Meadows)*, 425 B.R. 806, 810 (Bankr. W.D. Va. 2010).

C.

There can be little doubt that if a debtor must be made a nominal party to a judicial proceeding in order to adjudicate underlying claims, the complaint should, as a matter of common sense and good practice, expressly state that the defendant is in bankruptcy (or if a

discharge has been entered, has been discharged in bankruptcy) and is made a party defendant solely to confer jurisdiction to decide the underlying claims, and that no money judgment is sought or will be enforced against the debtor.  That way, not only will the debtor be reassured that he or she need not fear entry of a money judgment, but the court itself will be alerted to the issue, thereby minimizing the possibility that a money judgment might be entered against the debtor by mistake.  In the absence of an express acknowledgment in the complaint that a particular defendant is protected by the automatic stay or discharge injunction against entry of a money judgment, a debtor—whether sophisticated or otherwise—served with the complaint can have no confidence that the plaintiff will not, either by design or inadvertence, seek entry of a money judgment as demanded in the complaint.  Of course, a debtor could presumably secure peace of mind by filing a responsive pleading expressly asserting the bar of the automatic stay (or discharge injunction) to entry or enforcement of a money judgment, but the intended protection of the stay or discharge would be effectively undermined if the debtors were routinely required to do so.[4]

At oral argument, it was represented by counsel for OneWest and its attorneys that the law firm used the same form of complaint in all foreclosure suits, regardless of whether a bankruptcy stay or discharge would bar a deficiency judgement.  A mere desire for efficiency by standardizing on a single form of pleading, however, does not excuse service on bankruptcy

---

[4] The debtor asserts that because the complaint sought personal damages against her and failed to inform the Florida court of her bankruptcy, she was "forced . . . to affirmatively defend herself in the Florida foreclosure suit in order to show proof of her pending bankruptcy case.  In the event the Debtor did not defend against such suit, she would have certainly had a default order entered against her."  Debtor's Reply to Defendants' Response in Opposttion [*sic*] to Motion for Sanctions and Contempt ¶ 8.

debtors of pleadings that demand more than the law allows. In the present case, the complaint sets forth claims both for *in rem* enforcement of the debt coupled with a claim for an *in personam* money judgment ("except where a discharge is applicable") to the extent the sale of the collateral does not satisfy the debt. The question is whether that six-word, seemingly throw-away, boiler-plate caveat is sufficient to defuse the otherwise express request for a money judgment. Had the complaint earlier acknowledged that the debtor was in bankruptcy, the quoted language, because it would have tied in with the earlier recognition of the debtor's bankruptcy, might be sufficient. But in the absence of *any* language in the complaint evincing an awareness that the debtor was in bankruptcy, even a relatively sophisticated debtor would be left in doubt as to the plaintiff's intention. Put another way, even if the complaint was intended, and could be construed, as seeking (with respect to the debtor) only sale of the property to satisfy the debt, the complaint could just as easily be construed otherwise.[5] As noted, the analogous "least sophisticated consumer" standard under the FDCPA does not focus on the creditors' intent but instead on the natural consequences that may result from the communication. Regardless of OneWest's intent, the natural consequence of being served with a pleading setting forth a request, only vaguely conditioned, for a money judgment would be to create anxiety and fear that such a judgment might actually be entered, thereby imperiling the debtor's fresh start in bankruptcy.

---

[5] Indeed, since one of the mortgagors (the debtor's mother) was *not* in bankruptcy, OneWest may well have intended to seek a deficiency judgment as to her. But since the pleading did not distinguish between the debtor and her mother, any ambiguity with respect to seeking a money judgment would have been magnified.

Conclusion

In summary, the court concludes that if the least sophisticated debtor would understand a legal proceeding as seeking an *in personam* money judgment, thereby undermining the reprieve from creditor enforcement actions protected by the automatic stay, then the service of the pleading violates the stay. Because the order granting relief from the automatic stay permitted OneWest to seek enforcement of its debt only *in rem* against the property, and because the complaint served by OneWest's attorneys made the debtor a defendant in a way that would appear to most debtors—and certainly to the least sophisticated debtor—as seeking a money judgment against her, service of the complaint on the debtor violated the automatic stay regardless of whether a monetary judgment was ultimately entered against her.

A separate order will be entered setting an evidentiary hearing to determine the damages, if any, to which the debtor is entitled under § 362(k), Bankruptcy Code.

Date: _____          _____
                                         Stephen S. Mitchell
Alexandria, Virginia                     United States Bankruptcy Judge

Copies to:

Jennifer Leigh Robinson
1680 Moorings Drive
Reston, VA 20190-3282
Debtor

Juan Ever Milanes, Esquire
Law Offices of Juan E. Milanes, PLLC
1831 Wiehle Avenue, Suite 105
Reston, VA 20190-5220
Counsel for the debtor

George R. A. Doumar, Esquire
Doumar Martin, PLLC
2000 North 14th Street, Suite 210
Arlington, VA 22201
Counsel for respondents OneWest Bank, FSB, the Law Offices of Marshall C. Watson, P.A., Kerry Green, Esq., and Princy Valiathodathil, Esq.

H. Jason Gold, Esquire
Wiley Rein LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA 22102
Chapter 7 trustee